U.S.

v.

**Thomas J. McCORMICK a/k/a Tim McCormick.**

**Crim. No. 87–00067.**

United States District Court,
M.D. Pennsylvania.

May 15, 1987.

Mary C. Spearing, Asst. U.S. Atty., Harrisburg, Pa., for U.S.

Thomas Munley, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Defendant was indicted on April 14, 1987 for knowingly and willfully transporting through the use of the mails a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1). On April 23, 1987 defendant pleaded not guilty to the above charge. Defendant filed a Motion to Dismiss the Indictment and a Brief in Support thereof on May 13, 1987 and May 14, 1987, respec-

tively. The Government opposed later in the day on May 14, 1987. In addition, the Government supplied the court with a copy of the photograph in question on May 15, 1987. For the reasons set forth below, defendant's Motion to Dismiss the Indictment will be denied.

■ Defendant first avers that the indictment, "[f]ails and must be dismissed for lack of notice to the defendant...." Document 8 of the Record at 2. The indictment refers to 18 U.S.C. § 2255 in identifying the section which defines the term "sexually explicit conduct." While the definition of "sexually explicit conduct" currently is found at 18 U.S.C. § 2256,[1] the violation alleged is that of section 2252(a)(1), which is specifically identified in the indictment. Moreover, there is no question that the indictment fairly informs defendant of the allegations against him and permits defendant to plead an acquittal or conviction to bar a future prosecution. *Sanabria v. United States*, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978).

A violation of § 2252(a)(1) requires that, "the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct...." 18 U.S.C. § 2252(a)(1)(A). For purposes of this section, minor means any person under the age of eighteen (18) years. 18 U.S.C. § 2256(1).

■ Defendant argues that the picture in question may not be a minor. Document 8 of the Record at 3. Although defendant interprets the photograph with a view towards showing that a minor is not depicted, Document 9 of the Record at 3, the Government represents that it will present the opinion of a pediatrician at trial that the person pictured was a minor female. Document 10 of the Record at 4–5. Defendant offers no similar evidence in opposition. Consequently, the indictment is not defective in this regard.

Finally, defendant maintains that the photograph does not depict "sexually ex-

plicit conduct." After examining the picture in question, the court does not agree.

Section 2256(2) provides in pertinent part:

(2) 'sexually explicit conduct' means actual or simulated—

(E) lascivious exhibition of the genitals or pubic area of any person.

18 U.S.C. § 2256(2)(E). In *United States v. Wiegand*, 812 F.2d 1239 (9th Cir.1987), the Ninth Circuit Court of Appeals held:

The standard employed by the district court was over-generous to the defendant in implying as to the 17–year-old girl that the pictures would not be lascivious unless they showed sexual activity or willingness to engage in it. The offense defined by the statute is depiction of a 'lascivious exhibition of the genitals.' *Plainly the pictures were an exhibition. The exhibition was of the genitals. It was a lascivious exhibition because the photographer arrayed it to suit his peculiar lust. Each of the pictures featured the child photographed as a sexual object.*

*Id.* at 1244 (emphasis added). As the court noted, lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or like minded pedophiles. *Id.*

■ The photograph in question depicts a partially clothed female. Importantly, the focus of the picture is the pubic area of the female. Indeed, it appears to the court that the emphasis of the photo is the female genitalia. Finally, the female in question appears to be posing to exhibit her pubic area. The court does not agree with defendant that the photograph is "antiseptically clean."

As the *Wiegand* court stated:

The crime punished by the statutes against the sexual exploitation of children, however, does not consist in the cravings of the person posing the child or in the cravings of his audience. Private fantasies are not within the statute's ambit. The crime is the offense against the child—the harm 'to the physiological,

---

1. Section 2255 was redesignated § 2256 in October of 1986.

emotional, and mental health' of the child. (citations omitted). These harms collectively are the consequential damages that flow from the trespass against the dignity of the child.

*Id.* at 1245. In light of these standards, the court refuses to conclude as a matter of law that the photograph in question is not a lascivious exhibition of the genitals or pubic area of the female in question.

An appropriate Order will enter.